UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23422-CIV-UNGARO/SIMONTON
<u>Consent Case</u>

ANALIA GIGENA,

    Plaintiff,

v.

TAPAS & TINTOS, INC.,

    Defendant.

_____/

### Order Denying Motion to Strike/Dismiss Second Amended Complaint

Presently pending before the Court is Defendant's Motion to Strike Plaintiff's Second Amended Complaint, as Untimely, and Motion to Dismiss (DE # 24). This matter is referred to the undersigned United States Magistrate Judge for all further proceedings and entry of judgment (DE # 18). Plaintiff has responded in opposition (DE # 29), and Defendant has replied (DE # 31). For the reasons stated below, the undersigned finds that the Motion to Strike and Dismiss is **DENIED**.

I.    BACKGROUND

Plaintiff was allegedly employed as a server in Defendant's restaurant (DE # 20 at 1). Plaintiff's Second Amended Complaint contains three counts – two under the Fair Labor Standards Act, 29 U.S.C. §§ 201 to 219 ("FLSA"), and a breach of contract claim. Count I alleges that Defendant violated the minimum wage requirements under the FLSA by requiring Plaintiff and other servers to illegally share their tips. Such requirement or other deductions resulted in Plaintiff and other servers being paid less than the minimum wage required by the FLSA (DE # 20 at 4-5). Under Count II, Plaintiff claims that Defendant violated the FLSA overtime provisions by not paying Plaintiff and other servers at the required overtime rate (DE # 20 at 6-7). Pursuant to Count III, Plaintiff

alleges breach of contract, claiming that Defendant promised to pay her at least $4.23 per hour, but that Defendant's requiring her to sometimes work under a "dead number" resulted in pay below this rate (DE # 20 at 7). In regard to both Counts I and II, Plaintiff makes reference to and incorporates an attached Statement of Claim that evidences rates, hours worked and related calculations (DE # 20 at 4, 6).

Pursuant to these counts, Plaintiff seeks attorney's fees and costs, and (a) under Count I, payment for all hours worked at the applicable minimum wage, reimbursement of work related costs and expenses, and liquidated damages (DE # 20 at 5); (b) under Count II, payment at the applicable overtime rate, liquidated damages, and all proper relief including prejudgment interest (DE # 20 at 7); and (c) under Count III, damages, interest, and all other proper relief (DE # 20 at 8).

## II.   PARTIES' POSITIONS

### A.   Defendant's Motion to Strike and Motion to Dismiss

As an initial matter, Defendant asks the Court to strike Plaintiff's Second Amended Complaint as untimely and to dismiss it with prejudice. Court Order required Plaintiff to file her Second Amended Complaint by December 13, 2010, and Plaintiff filed it on December 14, 2010 (DE # 24 at 3-4).

With respect to the merits of Plaintiff's Second Amended Complaint, Defendant asserts that Plaintiff has failed to identify her rate of pay and amount of unpaid wages, as required by the FLSA (DE # 24 at 4). Defendant acknowledges that Plaintiff has provided her Statement of Claim but complains that Plaintiff has provided her calculations without providing sufficient detail. Specifically, Defendant argues that Plaintiff has identified multiple rates of pay without specifying which applies to a particular set of hours (DE # 24 at 5). With respect to Count II, Defendant raises similar arguments; Plaintiff has not sufficiently identified the applicable rate and the number of hours of overtime to which Plaintiff feels entitled (DE # 24 at 6-7).

**Taking issue with Count III, Defendant first contends that Count III should be dismissed because it does not specify whether the agreement at issue was oral or written (DE # 24 at 7). In addition, and in line with Defendant's arguments above, Defendant complains that Plaintiff has offered alternative calculations for relief under Count III as well as alternative legal authorities as bases for relief. Unsure which basis upon which Plaintiff relies, Defendant contends that it is left to speculate (DE # 24 at 8-9). Finally with respect to Count III, Defendant asserts that Plaintiff failed to satisfy the 15-day pre-suit notice requirement of Florida Statutes Section 448.110(6) and, therefore, Count III should be dismissed (DE # 24 at 9-10).**

**B.  Plaintiff's Response**

**At the outset, Plaintiff requests that her Second Amended Complaint be deemed timely since her inadvertent one-day delay in filing did not prejudice Defendant (DE # 29 at 1). Second, as a general matter, Plaintiff notes that Defendant has the employment records of Plaintiff at its disposal to clarify any confusion regarding Plaintiff's claim (DE # 29 at 2, 4). Nonetheless, Plaintiff offers clarification regarding the applicable rates. In particular, when paid at the reduced rate, Plaintiff is entitled to $3.02 per hour, and when paid at the non-reduced rate, she is entitled to $7.25 per hour (DE # 29 at 2-3). Plaintiff reiterates the sufficiency of her Second Amended Complaint and outlines the procedural avenues available to Defendant to clarify any confusion (DE # 29 at 3-4). She also points out that FLSA cases are intended to be liberally construed in order to achieve their remedial purposes (DE # 29 at 4-5). With respect to Count III, Plaintiff clarifies that the breach of contract alleged was based on an oral agreement that is not subject to the Statute of Frauds, and that Plaintiff has already verified that she satisfied the proper pre-suit notice requirements (DE # 29 at 6-7).**

C.  Defendant's Reply

In reply, Defendant reiterates that Plaintiff has not sufficiently clarified the rate of pay and amount of wages applicable to her claims (DE # 31 at 1-2).

III.  LAW AND ANALYSIS

A.  Legal Standard

With respect to a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, it is well-settled that in order to state a claim, Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  At the motion to dismiss stage of the litigation, a court must consider the allegations contained in the plaintiff's complaint as true, although this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), the Supreme Court explained the pleading requirements that must be met in a complaint if it is to survive a motion to dismiss.  The Court emphasized that the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* at 1949.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (citation omitted).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.  Determining whether a complaint

4

states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense.

    B.    <u>Analysis</u>

As an initial matter, the undersigned finds that Plaintiff's Second Amended Complaint shall not be stricken due to its delayed filing. While Plaintiff's delay contravened the Court's Order, the undersigned finds that the one-day delay in filing Plaintiff's Second Amended Complaint did not cause prejudice to Defendant, and that, in the interests of justice, the Second Amended Complaint shall be deemed timely.

Defendant's Motion to Dismiss primarily rests on Plaintiff's purported failure to adequately specify the rates and hours applicable to her claims under the FLSA. The undersigned, however, finds that, in this respect, the Second Amended Complaint filed by Plaintiff has provided a sufficient basis for stating her claims. Whether Plaintiff's calculations are crystal clear on the face of her Second Amended Complaint and attached Statement of Claim is irrelevant for purposes of a motion to dismiss. *See Iqbal* at 1949. As Defendant acknowledged with regard to Count I, Plaintiff has provided a calculation of her claims and has attempted "to explain the rate she was paid per hour, approximate the number of hours she was paid below the statutory minimum, and the dates for which Plaintiff is claiming entitlement to minimum wages" (DE # 24 at 5). Similarly, Plaintiff has provided data for her overtime claim. Such detail is sufficient for purposes of reasonably putting Defendant on notice of Plaintiff's claims. *See id.*

With regard to Count III, Plaintiff has specified that the basis of her claim is an oral agreement. Further, the undersigned finds that Plaintiff has sufficiently pointed to potential statutory bases for the relief she seeks. Again, the exact basis upon which Plaintiff will rely is not relevant at this procedural stage. Notably, Defendant's focus on the pre-suit notice requirements under Florida Statutes Section 448.110 belies any

argument that Defendant has not been put on notice as to a potential statutory basis for Plaintiff's claim under Count III.

Therefore, the undersigned finds that Plaintiff's Second Amended Complaint adequately advises Defendant of the claims against it. Moreover, to the extent Defendant lacks clarity as to exact facts or bases of relief for Plaintiff's claims, Defendant has available to it a range of procedural mechanisms for obtaining such clarity.

Furthermore, upon a review of the record as whole, the undersigned finds appropriate setting a deadline for Defendant's Answer to Plaintiff's Second Amended Complaint. Accordingly, Defendant shall file its Answer within 14 days of this Order.

IV. **CONCLUSION**

Therefore, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Strike Plaintiff's Second Amended Complaint, as Untimely, and Motion to Dismiss is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Defendant shall file an Answer to Plaintiff's Second Amended Complaint on or before 14 days from the date of this Order.

**DONE AND ORDERED** in chambers in Miami, Florida, on May 2, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies provided via CM/ECF to:
All counsel of record