UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23422-CIV-UNGARO/SIMONTON
<u>Consent Case</u>

ANALIA GIGENA,

    Plaintiff,

v.

TAPAS & TINTOS, INC.,

    Defendant.
_____/

<u>ORDER GRANTING, IN PART, AND DENYING, IN PART,
DEFENDANT'S MOTION FOR SANCTIONS AND TO EXTEND CERTAIN DEADLINES</u>

Presently pending before the Court is Defendant's Motion for Sanctions and to Compel the Deposition of Plaintiff, and to Extend the Deadline to Complete Discovery, and the Time to File Dispositive Motions (DE # 44). This matter is referred to the undersigned United States Magistrate Judge for all further proceedings and entry of judgment (DE # 18). Plaintiff has responded in opposition (DE # 50), and Defendant has replied (DE # 51). On June 6, 2011, the undersigned held a hearing on Defendant's Motion (DE # 49). For the reasons stated below, the undersigned finds that Defendant's Motion is granted, in part, and denied, in part.

I.    <u>DEFENDANT'S MOTION</u>

According to Defendant's Motion, the parties agreed to depose Plaintiff on May 26, 2011; the deposition was noticed accordingly; but Plaintiff neglected to appear (DE # 44 at 1, 2). Due to Plaintiff's failure to appear at her deposition, Defendant seeks monetary sanctions under Federal Rule of Civil Procedure 37(d). Specifically, Defendant seeks reimbursement of Defendant counsel's fees in connection with the deposition and Defendant's Motion, and the cost of the court reporter (DE # 44 at 3).

**Defendant additionally requested an extension of the deadline for discovery in order to depose Plaintiff, and for a 30-day extension of the deadline to file dispositive motions. Finally, Defendant notes that Plaintiff agreed to appear again for deposition on June 6, 2011 (DE # 44 at 4).[1]**

**In response, filed after the hearing on this matter, Plaintiff notes that she appeared, as required, on June 6, 2011. Further, she states that she did not appear for the first noticed deposition because she got lost on her way to the deposition, and she did not have a means of contacting counsel to alert them. Additionally, Plaintiff explains that she has no objection to a brief extension of the deadline for dispositive motions, as long as it does not affect other pretrial dates. Finally, Plaintiff has agreed to pay the cost of the court reporter who appeared at the first noticed deposition (DE # 50 at 1).**

**In reply, Defendant asserts that Plaintiff's reasons for failing to appear at her first deposition do not constitute a legitimate basis for avoiding the sanction of Defendant's attorney's fees and costs associated with this matter. In addition to the court reporter cost, which totaled $119.50, Defendant argues that it is entitled to attorney's fees associated with the missed deposition, and the related Motion and pleadings. These fees amount to $1800.00, calculated by multiplying 4.5 hours of defense counsel Peter J. Solnick's time, at an hourly rate of $400.00. Finally, Defendant asks for an extension of time until June 27, 2011, to file its motion for summary judgment (DE # 51 at 2-3).**

**II.    LAW AND ANALYSIS**

**Defendant requests sanctions pursuant to Federal Rule of Civil Procedure 37(d) (DE ## 44 at 3; 51 at 2). Under Rule 37(d)(1)(A)(i), a court may order sanctions if a party fails to appear at its own properly noticed deposition. Such sanctions, pursuant to Rule 37(d)(3), may be for reimbursement of expenses, including attorney's fees. A court,**

---

[1] At the hearing on this matter, the Court ordered that Plaintiff appear as scheduled for her deposition on June 6, 2011 (DE # 49), and Plaintiff has done so (DE # 51 at 3).

2

however, may deny an award of expenses if "the failure [to appear] was substantially justified or other circumstances make an award of expenses unjust." *Allstate Ins. Co. v. Palterovich*, No. 04-21402-CIV-HUCK/SIMONTON, 2008 WL 2741119, at *2 (S.D. Fla. July 12, 2008) (quoting Fed. R. Civ. P. 37(d)(3)).

As an initial matter, the undersigned recognizes that Plaintiff appeared for her second-noticed deposition, pursuant to the parties' agreement and subsequent Court Order, on June 6, 2011. Defendant's Motion requests no other discovery or extension of the discovery deadline except in connection with Plaintiff's deposition. Therefore, remaining before the Court is Defendant's request to extend the deadline for filing dispositive motions and Defendant's request for sanctions.

With regard to the request to extend the deadline for dispositive motions, the undersigned notes that the current deadline for dispositive motions is June 15, 2011; the joint pretrial stipulation is due July 15, 2011; and the Pretrial Conference is set for August 4, 2011 (DE # 33). Therefore, an extension of 30 days of the dispositive motion deadline, as initially requested by Defendant in its Motion, would interfere with the Court's other dates in this case. The undersigned, however, finds that an extension until June 27, 2011, as Defendant has modified its requested relief in its Reply, is reasonable and appropriate and does not interfere with the Court's other dates in this matter. Therefore, the parties shall file their respective dispositive motions, if any, on or before June 27, 2011.

As for Defendant's requested sanctions, the undersigned finds that Defendant is entitled to attorney's fees as a sanction for Plaintiff's non-appearance at the properly noticed deposition on May 26, 2011. The undersigned finds, however, that the requested fees are excessive, particularly since the only disputed issue concerns the award of monetary sanctions. The preparation time will not be compensated since that work is applicable to the deposition taken on June 6, 2011. In addition, the time spent on the

3

present Motion is excessive, and will be reduced to 30 minutes.  With regard to the court reporter, Plaintiff has already agreed to reimburse Defendant for the associated cost (DE # 50 at 1).  Defendant does not claim, nor does the record reflect, any bad faith on Plaintiff's part in failing to appear.  *Cf. Allstate Ins. Co.*, 2008 WL 2741119, at *5-*6 (party's pattern of bad faith non-compliance with court orders and properly noticed depositions precipitated a finding of default judgment, as well as attorney's fees in opposing party's favor).  Nonetheless, the failure to appear and inability to contact counsel was not substantially justified.  Therefore, the undersigned finds that Defendant is entitled to fees representing 30 minutes of Mr. Solnick's time as a sanction against Plaintiff.  As to Mr. Solnick's rate, the undersigned finds that, based upon the Court's own knowledge and experience, $300.00 per hour is a reasonable hourly rate under the circumstances of this Motion.  Therefore, Defendant is entitled to receive $150.00 in attorney's fees.  In addition, Defendant is entitled to receive $119.50 for the cost of the court reporter.  In sum, Defendant is entitled to receive from Plaintiff $269.50.

### III.   CONCLUSION

Therefore, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Sanctions and to Compel the Deposition of Plaintiff, and to Extend the Deadline to Complete Discovery, and the Time to File Dispositive Motions (DE # 44) is **GRANTED, IN PART, AND DENIED, IN PART**, as detailed in the body of this Order.

**DONE AND ORDERED** in chambers in Miami, Florida, on June 15, 2011.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies provided via CM/ECF to:

**All counsel of record**