UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23422-CIV-UNGARO/SIMONTON
<u>Consent Case</u>

ANALIA GIGENA,

    Plaintiff,

vs.

TAPAS & TINTOS, INC.,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

Presently pending before the Court is Plaintiff's Motion to Strike (DE # 68). Based upon the consent of the parties, the Honorable Ursula Ungaro, United States District Judge, has referred this case to the undersigned United States Magistrate Judge for all further proceedings and entry of judgment (DE ## 16, 18). Defendant has filed a Response to the Motion (DE # 69). Plaintiff has filed no reply. For the reasons stated below, Plaintiff's Motion is denied.

At a hearing held on other matters in this case on July 13, 2011, the Court granted Defendant's Motion for Leave to Amend to File an Amended Answer and Affirmative Defenses to the Second Amended Complaint (DE # 63 at 2), which Defendant, then, filed (DE # 65). The Amended Answer and Affirmative Defenses contain thirteen affirmative defenses. The Fifth Affirmative Defense states that Plaintiff received the minimum wage through a combination of an hourly wage and tips from customers (the "Tip Credit Affirmative Defense"), and the Seventh Affirmative Defense states that Defendant is exempt from a requirement to pay overtime compensation, pursuant to the retail or service establishment exemption of 29 U.S.C. § 207(i), because Plaintiff received commissions for her work (the "Retail Establishment Affirmative Defense") (DE # 65 at 4,

5). Plaintiff argues that these two affirmative defenses are inconsistent and, thus, requests in her Motion that the Court strike Defendant's Tip Credit Affirmative Defense because Defendant stated at the July 13, 2011, hearing that it would abandon this affirmative defense (DE # 68 at 2). Defendant responds that the affirmative defenses are not inconsistent (DE # 69 at 7-8), and if the Court found otherwise, Federal Rule of Civil Procedure 8(d) sanctions a party's pleading inconsistent theories of a case. Furthermore, Defendant states that ambiguity in the case law and the facts of this case concerning tips and commissions provide a basis for Defendant to plead both affirmative defenses (DE # 69 at 3-6).

As another court that examined a motion to strike affirmative defenses has noted, "Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Marley v. Jetshares Only, LLC*, 2011 WL 2607095, No. 10-23178-CIV, at *1 (S.D. Fla. June 30, 2011) (citation omitted). In addition, under Federal Rule of Civil Procedure 8(d), "A party may state as many separate claims or defenses as it has, regardless of consistency." *See, e.g., Smith v. Cashland, Inc.*, 193 F.3d 1158, 1161-62 (10th Cir. 1999) (reversing and remanding for new trial judgment in favor of plaintiff when trial court had required defendant to "pick one defense or the other" and barred further evidence as to the defendant's alternative inconsistent theory).

As Plaintiff points out in her Motion to Strike, at the July 13, 2011, hearing, the undersigned urged Defendant to resolve its alternative theories of the case, with regard to the Tip Credit Affirmative Defense and the Retail Establishment Affirmative Defense, in an effort to promote efficient use of the parties' and the Court's resources, and to avoid potential confusion among jurors. The undersigned, however, acknowledges Defendant's right to proceed with alternative theories of the case, even if potentially inconsistent. Furthermore, Defendant has asserted bases for arguing alternative

theories, and Plaintiff does not contend that Defendant's alternative theories are frivolous or prejudice Plaintiff in any way. Accordingly, the Court will not require Defendant to abandon either of these affirmative defendants and, thus, denies Plaintiff's Motion to Strike Defendant's Fifth Affirmative Defense.

Plaintiff also asks in her Motion that the Court strike Defendant's First Amended Initial Disclosures (DE # 68 at 4-7) because they were served a week late and did not include the required attachments (DE # 68 at 1). Defendant responds that, while the First Amended Initial Disclosures provided the addresses of witnesses (which had already been provided), and clarified documents to be used at trial, all the listed materials had already been produced in discovery (DE # 69 at 2; 8-9). Moreover, Defendant argues, no prejudice to Plaintiff has resulted. As noted above, Plaintiff has filed no reply.

The undersigned finds that, while the First Amended Initial Disclosures may have been untimely, Plaintiff has demonstrated no prejudice. Moreover, Plaintiff does not refute Defendant's contention that it need not attach the referenced documents to its First Amended Initial Disclosures because the identified documents had already been produced. Accordingly, the undersigned denies the Motion to Strike on this basis.

Therefore, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike (DE # 68) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on March 1, 2012.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies provided via CM/ECF to:**
**All counsel of record**